CLERK'S COPY

FILED
AT ALBUQUERQUE NM

MAR - 9 2000

ROBERT M. MARCH
CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    No. CV-00-0118 JC/KBM
    CR-97-638 JC

PHILLIP GENTRY,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court on Defendant's Petition for Writ of Coram Nobis (CR Doc. #414) filed January 31, 2000. Defendant alleges a number of deficiencies in his attorney's representation during this criminal proceeding. The petition is construed as a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 (the "motion"), and will be dismissed as time-barred.

As discussed by the Supreme Court in *United States v. Morgan*, 346 U.S. 502, 507-13 (1954), coram nobis remains viable in the criminal context under the All Writs Act, particularly where the sentence has been served. *See also Avila v. United States*, No. 98-1148, 1998 WL 458567, at **1 (10th Cir. 1998); *United States v. Hernandez*, 94 F.3d 606, 613 n.5 (10th Cir. 1996). On the other hand, the exclusive remedy for an attack on a federal criminal conviction is afforded by § 2255, *Baker v. Sheriff of Santa Fe County*, 477 F.2d 118, 119 (10th Cir. 1973); *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (§ 2255 "supplants habeas corpus"),[1] and Defendant's pro se characterization of his claims is not dispositive. *Roman-Nose v. New Mexico Dep't of Human Services*, 967 F.2d 435, 436-37 (10th Cir. 1992). Defendant's claim of ineffective assistance of counsel directly attacks his conviction and sentence, and his motion is properly construed under 28 U.S.C. § 2255.

---

[1] A writ of habeas corpus may be sought if § 2255 is "inadequate or ineffective." *Williams*, 323 F.2d at 673 (10th Cir. 1963).

1



Defendant's motion is barred under the one-year period of limitations in § 2255. The docket indicates that Defendant did not appeal his criminal conviction or sentence. His conviction thus became final when judgment was entered October 7, 1998, or forty days later in mid-November 1998. *United States v. Burch*, --- F.3d ---, ---, No. 98-3301, 2000 WL 121292, at *1 (10th Cir. Feb. 1, 2000) ("[conviction] could also become final when . . . the time for an appeal expires."); *United States v. Robbins*, 179 F.3d 1268, 1270 (10th Cir. 1999). The motion, which was filed January 31, 2000, was filed more than one year after the conviction became final and is not timely.

Furthermore, the motion makes no allegation implicating the statutory provisions which allow restarting the limitation period after a conviction becomes final. The statute provides:

> The limitation period shall run from the latest of--
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Defendant does not allege an impediment to his motion was removed, a new right was recognized, or new facts were discovered. He claims only that his attorney's performance was deficient. Defendant has had abundant time to file his motion, and he is not entitled to relief. Rule 4(b) Governing Section 2255 Proceedings. The motion will be dismissed.

IT IS THEREFORE ORDERED that Defendant's Petition for Writ of Coram Nobis (CR Doc. #414) filed January 31, 2000, construed herein as a motion under 28 U.S.C. § 2255, is DISMISSED with prejudice, and this civil proceeding is DISMISSED.

UNITED STATES DISTRICT JUDGE

2